# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COST CONTAINMENT EXPRESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON HEALTHCARE SERVICES, INC., <br><br> Defendant. | Civil Action No. 15-8958 (CCC) <br><br> **OPINION AND ORDER** |

**CLARK, Magistrate Judge**

    **THIS MATTER** comes before the Court on a motion by Plaintiff Cost Containment Express, LLC ("CCE" or "Plaintiff") to compel Defendant Horizon Healthcare Services, Inc. ("Defendant" or "Horizon"), to produce documents in response to Plaintiff's discovery requests [Dkt. No. 39]. Defendant opposes Plaintiff's motion [Dkt. No. 43]. For the reasons set forth below, Plaintiff's motion to compel [Dkt. No. 39] is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

    This action arises from a Complaint filed by CCE on December 30, 2015, alleging that Horizon used its position as the insurer for Passaic County, New Jersey, and as the largest health insurer in the State of New Jersey, to prevent CCE from entering the New Jersey market, and asserting two causes of action against Horizon for tortious interference with prospective business advantage and unjust enrichment arising out of Horizon's alleged actions. *See* Dkt. No. 1. CCE is a Tennessee Corporation that provides medical out-of-network claims cost containment services to employers who have self-funded benefit plans to provide health insurance coverage to their employees. *Id.* at ¶ 10. According to CCE, when contracted by an employer, CCE works to reduce

1

the out-of-network charges the self-funded benefit plan incurs when an employee who is covered under the plan goes to an out-of-network provider and is charged a fee for services that is not controlled by the terms of the plan's insurance agreement. *Id.* CCE utilizes its "Fair Market Re-Pricing Methodology" to review out-of-network claims, and based upon the result of that review, CCE sends the out-of-network provider an Explanation of Review and a check for the re-priced amount. *Id.* at ¶ 12. If the provider questions or appeals the Explanation of Review or demands a higher payment, CCE provides answers to the providers' questions and defends the appeals. *Id.*

Passaic County maintains a self-funded employee benefit plan (the "Plan), of which Horizon is the Third-Party Administrator. *Id.* at ¶ 14. During the relevant time period, all in-network services provided to Passaic County employees were done through Horizon's preferred provider network and paid from the Plan. *Id.* Additionally, as Third-Party Administrator for the Plan, Horizon was responsible for settling claims involving out-of-network providers. *Id.* at ¶ 15. In early 2014, Passaic County issued a "Request for Proposal Competitive Contracting" inviting qualified vendors to submit proposals for "Medical Out-of-Network Claims Cost Containment Services." *Id*. at ¶ 16. CCE submitted a proposal, and as a result of being the lowest bidder, on March 24, 2014, the contract was awarded to CCE. *Id*. at ¶ 17. Horizon also submitted a bid, which was rejected. *Id.* at ¶ 18.

According to CCE, immediately after its bid was accepted, it began to make the necessary arrangements to perform its services under the contract, which required CCE having access to data related to out-of-network charges that were submitted to Horizon for payment from the Plan. *Id.* at ¶ 19-20. CCE claims that while Horizon initially indicated that it would cooperate in providing CCE access to such data, Horizon later stated that CCE would only be given access to the data in exchange for a fee paid to Horizon. *Id.* at ¶ 21. Although CCE asserts that the data belonged to

Passaic County, and Horizon had no legitimate right to withhold it, Passaic County agreed to allow Horizon to charge an administrative fee to cover Horizon's cost to send billing information to CCE and CCE agreed to pay the fee in exchange for the data. *Id.*

Even after Horizon and CCE had purportedly resolved their dispute regarding the cost of allowing CCE to access the necessary data, CCE claims that Horizon, in an effort to prevent CCE from performing the contracted services for Passaic County, falsely claimed that the process employed by CCE in handling out-of-network claims was in violation of New Jersey law and used an outstanding debt owed to Horizon by Passaic County to persuade Passaic County to terminate its arrangement with CCE and instead allow Horizon to continue performing the services for which CCE had won the bid. *Id.* at ¶ 23-25. Allegedly as a result of Horizon's conduct, Passaic County rescinded its award of the out-of-network cost containment services contract to CCE and instead contracted with Horizon, which had lost the bid, to perform those services.

In the present motion, which was filed by Plaintiff after several failed attempts to resolve the parties' discovery disputes, Plaintiff seeks an Order compelling Defendant to provide information in response to Plaintiff's requests for information related to "Horizon's contracting with other third parties to perform the work promised to CCE." Dkt. No. 39 at p. 2. Defendant opposes Plaintiff's motion. *See* Dkt. No. 43.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.,* 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Option One Mortgage Corp. v. Fitzgerald,* 2009 WL 648986 at *2 (M.D.Pa. Mar. 11, 2009).

### III. DISCUSSION

In support of its motion, Plaintiff contends that the requested information, which will allegedly demonstrate Horizon's ability to collaborate with third parties to perform the same services which Horizon claimed it could not collaborate with CCE to perform, is relevant to

4

determine whether Horizon's "refusal to work with CCE constitute[d] malice . . . ." *Id.* at p. 3. In opposition, Defendant claims that Plaintiff is seeking "a wide array of documents that have little or no relation to the actual claims and defenses asserted in this matter" and that to produce such documents would be burdensome and intrusive. Dkt. No. 43 at p. 1. Defendant further asserts that Plaintiff's discovery requests are meant to "harass and annoy" Defendant and are seeking "confidential and proprietary information to be used in an anti-competitive fashion against Horizon's third-party vendors." *Id.*

### A. Plaintiff's Request for Production Nos. 7 and 9

Request for Production Nos. 7 and 9 seek the production of Horizon's customer and vendor contracts for processing out of network containment services and documents relating to those contracts.

> **Request for Production No. 7**: *All customer or vendor contracts related to out-of-network claims or cost containment services for out-of-network claims, and documents relating to those contracts, but not limited to business proposals, responses to request for proposals, service offerings, contracts and/or contractual amendments, from 2010 to present.*
>
> **Request for Production No. 9**: *All communications, documents and things relating to or with any third party, vendor, hardware provider or software provider relating to out-of-network claim processing and out-of-network cost containment services with or for or on behalf of Passaic.*

Dkt. No. 39 at p. 8-9.

In opposition to Plaintiff's motion, Defendant contends that Plaintiff's requests are overbroad. Defendant argues that Request for Production No. 7 is overbroad as a result of Plaintiff's request for information dating back to 2010, which was four years prior to the events alleged in the Complaint, and Plaintiff's failure to limit its request to information regarding Horizon's administration of Passaic County's health benefits. As to Request for Production No. 9,

Defendant cites Plaintiff's failure to limit its request to any particular time frame.[1] Defendant further contends that Plaintiff has failed to demonstrate the relevancy of the actual terms of any third-party contract and that the information Plaintiff seeks could be less intrusively obtained through deposition testimony rather than through its extensive document requests.

In support of its motion, Plaintiff contends that the requested contracts and communications regarding how Horizon worked with third-party vendors for cost containment services for Passaic County is "directly relevant" because it contradicts Horizon's alleged assertion that it could not collaborate with CCE because sharing claims data with CCE was prohibitively expensive and illegal under New Jersey law by showing that Horizon was in fact able to exchange claims data with third-party vendors in a legal and cost-effective manner. Dkt. No. 39 at p. 9-10. Plaintiff further contends that the timing and terms of Horizon's third-party vendor contracts will demonstrate whether CCE conferred a benefit on Horizon by using data from its interactions with CCE to benefit Horizon. *Id.* at p. 10.

While the Court understands Plaintiff's desire to inquire into Horizon's contracts with third-party vendors and agrees with Plaintiff that information related to Horizon's work with such vendors may be relevant to Plaintiff's assertion that Horizon unreasonably refused to work with CCE, the Court finds that Plaintiff's requests far exceed the scope of what is necessary to ascertain such information. Defendant has already provided Plaintiff with information on its contract with MultiPlan, Inc. ("MultiPlan"), which Plaintiff can use to "comparably review the detailed information that goes into Horizon setting up a new contract like CCE's" and Plaintiff may inquire into the formulation and propriety of Horizon's time and cost estimate for data sharing with CCE as compared to its estimates for previous or subsequent third-party vendors during the deposition

---

[1] According to Horizon, it has been working with Passaic County since the late 1990's. Dkt. No. 43 at p. 14.

of a Horizon representative. Plaintiff has failed to demonstrate the necessity of the vast discovery it seeks spanning over several years and decades into the specific contracts and arrangements between Horizon and third-party vendors, and the Court finds that the burden in requiring Defendant to provide information in response to Plaintiff's Request for Production Nos. 7 and 9 would far exceed the utility of such information and would not be proportional to the needs of this case. Accordingly, Plaintiff's request to compel Defendant to provide information in response to Request for Production Nos. 7 and 9 is **DENIED**.

### B. Plaintiff's Amended Request for Production Nos. 23, 24a, and 24b

Plaintiff's Amended Request for Production Nos. 23, 24a, and 24b seek "technical information for claims data exchange to support or refute Horizon's defense that it could not work with CCE for out of network cost containment services pursuant to the contract awarded to CCE by Passaic [County]." Dkt. No. 39 at p. 11.

> **Amended Request for Production No. 23:** *Communications and documents relating to the design, assembly, implementation, customization, and operations for Horizon to receive and process out out-of-network claims for performing the out-of-network cost containment services for Passaic from January 1, 2013 to present.*
>
> **Amended Request for Production No. 24a:** *Communications by and among your employees concerning the system design, assembly, implementation, and/or customization required to process out out-of-network claims for performing the out-of-network cost containment services for Passaic from January 1, 2013 to present.*
>
> **Amended Request for Production No. 24b:** *Documents and communications of MultiPlan or Cotiviti concerning system design, assembly, implementation, and/or customization required to process out out-of-network claims for performing the out-of-network cost containment services for Passaic from January 1, 2013 to present.*

Dkt. No. 39 at p. 10-11.

In opposition to Plaintiff's requests, beyond conclusory assertions of undue burden, vagueness, relevancy and proportionality, Defendant claims that Plaintiff's requests are unreasonably cumulative because Horizon has already produced such information as "relevant to

7

CCE's bid" and that Plaintiff's requests for information dating back to January of 2013, which is fifteen months before the request for bids on the contract at issue was released, is overbroad. Additionally, Defendant specifically objects to Amended Request for Production No. 24b, which seeks documents related to non-parties Multiplan and Cotiviti. Defendant claims that the requested information may not be in Horizon's possession, custody or control and that Horizon has already produced some documents relating to the MultiPlan contract, and is working to produce a redacted version of that contract with MultiPlan's consent. As to Cotiviti, Defendant claims that Plaintiff has failed to demonstrate the relevance of such information to this matter.

In support of its requests, Plaintiff claims that the requested information will shed light on Defendant's assertion that it could not work with CCE to perform under the contract awarded to CCE by Passaic County. According to Plaintiff, such information will demonstrate whether Horizon acted with malice in refusing to collaborate with CCE or whether Horizon was simply able to offer "better, more cost-effective services." Dkt. No. 39 at p. 11.

As to Amended Request for Production Nos. 23 and 24a, the Court finds that the requested information is relevant to Plaintiff's claims that Horizon improperly and without justification refused to collaborate with CCE. Although Defendant claims that Plaintiff's requests are unreasonably cumulative and overbroad, Defendant has failed to provide any support for its assertions in this respect and the Court finds Defendant's arguments to be unavailing. By investigating the process by which Horizon designed, implemented and operated its system for processing Passaic County's out-of-network claims, CCE will be able to compare its own system and process to Horizon's to determine "the truth or falsity or Horizon's statements" that sharing data with CCE would "take too long . . . and cost too much money." *Id.* Accordingly, Plaintiff's motion to compel as to Amended Request for Production Nos. 23 and 24a is **GRANTED**.

Turning to Amended Request for Production No. 24b, the Court finds that Horizon is not the proper source for the information Plaintiff is seeking. Rather than requesting Horizon's communications either with MultiPlan or Cotitivi or as related to Horizon's contracts with MultiPlan or Cotiviti, which would presumably be in Horizon's possession, Plaintiff's request as drafted seeks "documents and communications of MultiPlan or Cotiviti" which seeks information presumably in the possession of MultiPlan and Cotiviti. Even assuming that Horizon could in fact obtain such information, the Court finds that Horizon is not the proper source from which to seek the documents Plaintiff requests. Accordingly, Plaintiff's motion to compel as to Amended Request for Production No. 24b is **DENIED**.

### C. Plaintiff's Amended Request for Production Nos. 55 and 56

Plaintiff's Amended Request for Production Nos. 55 and 56 seek financial and claims information regarding out-of-network claims processing and cost containment services provided by Horizon "during the disputed contract period." Dkt. No. 39 at p. 12.

> **Amended Request for Production No. 55**: *Documents that reflect cost savings or other benefits to either Horizon or Passaic derived from the Horizon out-of-network cost containment services it offers and provides to Passaic and its customers from January 1, 2012 to present.*
>
> **Amended Request for Production No. 56**: *Documents (other than invoices or bills already produced) that demonstrate the value of Horizon's out-of-network cost containment services to the Defendant or to Passaic, including but not limited to customer reports, customer surveys, and business meeting minutes that discuss the business decision (by Horizon) to offer and the business decision (by Passaic) to use out-of-network cost containment services from January 1, 2012 to present.*

Dkt. No. 39 at p. 12.

In opposition to Plaintiff's requests, Defendant asserts that they are "simply designed to annoy Horizon" and that the requested documents and financial information are "not related to [Passaic] County's decision not to proceed with the award of the contract to CCE or to whether

9

Horizon was unjustly enriched by simply keeping the contract scope of work it had already planned with [Passaic] County." Dkt. No. 43 at p. 18. Defendant also objects to the time frame of the requests, which seek information dating back to 2012. In support of its motion to compel, Plaintiff claims that the requested data "will demonstrate whether Horizon was able to take the contract previously awarded to CCE through legitimate competitive maneuvers or if its actions arose to malice . . . ." Dkt. No. 39 at p. 12.

Contrary to Defendant's assertions, the Court finds that Plaintiff's Amended Request for Production No. 55 seeks information relevant to this case and within the permissible scope of discovery. Information regarding the cost savings or benefits derived from Horizon's out-of-network cost containment services provided to Passaic County is directly relevant to Plaintiff's claims in this case that Horizon improperly refused to collaborate with CCE after Horizon lost the bid for the relevant services and CCE was awarded the contract. However, the Court agrees with Defendant's objections to the time frame and accordingly will limit Plaintiff's request to information dating back to January 1, 2013 instead of January 1, 2012, which is the same period included in Plaintiff's other requests. Based on the foregoing, Plaintiff's motion to compel as to Amended Request for Production No. 55 is **GRANTED** but shall be limited to responsive information dating back to January 1, 2013.

As to Amended Request for Production No. 56, while the Court agrees that documents "demonstrating the value of Horizon's out-of-network cost containment services to Defendant or to Passaic" are relevant and discoverable, the Court finds that the invoices and out-of-network cost utilization reports already produced by Defendant adequately satisfy Plaintiff's need for such information. Plaintiff has offered no explanation or justification as to why broad discovery into customer reports and surveys and business meetings minutes is necessary to determine the success

of Horizon's out-of-network cost containment services and the Court finds that the burden in producing such information far outweighs its usefulness. Accordingly, Plaintiff's motion to compel as to Amended Request for Production No. 56 is **DENIED**.

IV. **CONCLUSION AND ORDER**

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 30th day of November, 2017,

**ORDERED** that Plaintiff's Motion to Compel [Dkt. No. 39] is **GRANTED in part and DENIED in part.**

s/ James B. Clark, III<br>
**JAMES B. CLARK, III**<br>
**United States Magistrate Judge**